IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COSRX INC., <br><br> Plaintiff, <br><br> v. <br><br> BAISITUO et al., <br><br> Defendants. | Case No. 25-cv-09569 <br><br> **Judge Jorge L. Alonso** <br><br> **Magistrate Judge Beth W. Jantz** |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff COSRX Inc. ("COSRX" or "Plaintiff") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against Defendant FDPR Home Harmony (Defendant No. 13) (the "Defaulting Defendant");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

The Defaulting Defendant having failed to engage counsel to answer or otherwise plead, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because

Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using the seller alias FDPR Home Harmony, offers shipping to the United States, including Illinois, and has sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "COSRX Trademarks") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that the Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the COSRX Trademarks. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the COSRX Trademarks.

A list of the COSRX Trademarks is included in the below chart.

| Registration Number | Registered Trademark |
|---|---|
| 6,481,892 | |
| 7,284,973 | COSRX |
| 5,271,842 | |
| 7,324,606 | COSRX ADVANCED SNAIL |

2



| 7,324,660 | |
|---|---|
| 7,324,657 | |

This Court further finds that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

   a. using the COSRX Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine COSRX product or not authorized by Plaintiff to be sold in connection with the COSRX Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine COSRX product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the COSRX Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the COSRX Trademarks, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendant, or in connection with any of the Defaulting Defendant's Online Marketplace, including, without limitation, any online marketplace

platforms such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo Inc. ("Temu") and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

 a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell counterfeit and infringing goods using the COSRX Trademarks; and

 b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the COSRX Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine COSRX product or not authorized by Plaintiff to be sold in connection with the COSRX Trademarks.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the COSRX Trademarks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from the Defaulting Defendant in the amount of ten thousand dollars ($10,000) for willful use of counterfeit COSRX Trademarks on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendant, including PayPal, Amazon, eBay, Temu and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as PayPal, Amazon, eBay, Temu and Walmart, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Amazon, eBay, Temu and Walmart, are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by the Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses identified in Exhibits to the Declaration of Jun Sang Hun and any e-mail addresses provided for Defaulting Defendant by third parties.

9. The twenty-nine-thousand-dollar ($29,000) ($1,000 per defendant) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Greer, Burns & Crain, Ltd. The Clerk

of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

This is a Default Judgment.

Dated: October 23, 2025

_____
Jorge L. Alonso
United States District Judge